Filed 5/8/25 In re S.R. CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re S.R., et al., Persons Coming Under the Juvenile Court Law. | A171311 |
| CONTRA COSTA COUNTY CHILDREN & FAMILY SERVICES BUREAU,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>L.R.,<br><br>        Defendant and Appellant. | (Contra Costa County Super. Ct. Nos. J21-00101, J21-00102) |

## MEMORANDUM OPINION[1]

L.R. (Mother) appeals from an order terminating her parental rights as to S.R. and E.R. (Children) under Welfare and Institutions Code[2]

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1. We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) In a nonpublished opinion, this court set forth the factual circumstances leading to the issuance of dispositional orders on the initial dependency petition. (*In re A.R.* (Feb. 28, 2022, A162954).)

[2] Undesignated statutory references are to the Welfare and Institutions Code.

section 366.26.  Generally, Mother challenges the sufficiency of the evidence supporting the juvenile court's finding that Children were adoptable.  Specifically, she ascribes to the prospective adoptive parents a potential legal impediment that would render them unable to adopt.  We conclude that substantial evidence supports the juvenile court's determination that Children are likely to be adopted within a reasonable time, and we observe that Mother has forfeited her claim regarding any potential legal impediment by failing to raise that issue below.  Accordingly, we affirm the order terminating parental rights.

As a preliminary matter, we reject the contention of respondent Contra Costa County Children & Family Services Bureau (Bureau) that Mother's appellate claims have been forfeited in their entirety.  While "it is typically true that ' "points not urged in the trial court cannot be raised on appeal[,] [citation] [t]he contention that a judgment is not supported by substantial evidence . . . is an obvious exception to the rule." ' " (*In re B.D.* (2019) 35 Cal.App.5th 803, 823.)  Consequently, we must "review the juvenile court's order to determine whether the record contains substantial evidence from which a reasonable trier of fact could find clear and convincing evidence that" Children were likely to be adopted within a reasonable time.[3]  (*In re Brian P.*,

---

[3] Caselaw distinguishes "general" adoptability, which relies directly on a child's own traits and how those traits might make the child likely to be adopted, from "specific" adoptability, which infers such likelihood from evidence that there are prospective adoptive parents who are willing to adopt the child.  (See *In re A.A.* (2008) 167 Cal.App.4th 1292, 1311–1312.)  These are simply alternative grounds upon which a determination that children are likely to be adopted within a reasonable time may rest.  (*Ibid.*; *In re R.C.* (2008) 169 Cal.App.4th 486, 494 ["a caregiver's willingness to adopt serves as further evidence the minor is likely to be adopted within a reasonable time either by the caregiver '*or by some other family*' "].)  We review the determination itself.  (*In re Brian P.* (2002) 99 Cal.App.4th 616, 624.)

*supra*, 99 Cal.App.4th at pp. 623–624; see § 366.26, subd. (c).) On the other hand, a specific claim that certain prospective adoptive parents might face a potential legal impediment to adopting is subject to forfeiture. (*In re G.M.* (2010) 181 Cal.App.4th 552, 563–564.) Here, having "not raised the legal impediment question in the [juvenile] court," Mother "failed to properly preserve" that claim "for appellate purposes." (*Ibid.*)

We turn, then, to the sufficiency of the evidence for the juvenile court's adoptability finding. "A prospective adoptive parent's . . . interest in adopting is evidence that the child's age, physical condition, mental state, and other matters relating to the child are not likely to discourage others from adopting the child." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1526, disapproved on other grounds by *Conservatorship of O.B.* (2020) 9 Cal.5th 989.) "In other words, '[w]hile, generally, the present existence or nonexistence of prospective adoptive parents is, in itself, not determinative, it is a factor in determining whether the child is adoptable.' [Citation.] As one court has explained, 'in some cases a minor who ordinarily might be considered unadoptable [because of] age, poor physical health, physical disability, or emotional instability is nonetheless likely to be adopted because a prospective adoptive family has been identified as willing to adopt the child.' " (*In re I.W.*, at p. 1526.)[4]

Here, such a family had been so identified. According to the report prepared by the Bureau in anticipation of the section 366.26 hearing, the caregivers with whom Children had been living for more than a year "are

_____

[4] "Conceivably, there could be some legal impediment to adoption by a prospective adoptive parent that, in turn, might preclude reliance on this parent's interest as a basis for an adoptability finding." (*In re I.W.*, *supra*, 180 Cal.App.4th at p. 1526.) But as we have already observed, this is precisely the claim Mother has forfeited.

willing and able to adopt the children." The report describes the caregivers, "a married couple in their forties" with three biological children and two adopted children, as "prospective adoptive parents." As foster parents, when children were initially placed with them, they "supported the reunification process with [Children's] father" and, after reunification efforts ended, "were eager to care for" Children again. The caregivers were motivated to adopt Children and "provide a permanent, safe, and stable home" including accepting all legal and financial responsibility for them. While living with the caregivers, Children were connected to various service providers, referred to caregivers as mom and dad, and remained stable in their home. The report before the juvenile court also included information about the Children's medical, developmental, and educational needs and progress. Giving the juvenile "court's finding of adoptability the benefit of every reasonable inference and resolv[ing] any evidentiary conflicts in favor of affirming," we conclude this was substantial evidence supporting the court's determination that Children were likely to be adopted. (*In re Gregory A.* (2005) 126 Cal.App.4th 1554, 1562.)

Finally, in addition to deeming Mother's "legal impediment" argument forfeited, we reject her related suggestion that it "is unclear whether the court knew of" what Mother calls the prospective adoptive parents' "child abuse history and whether it considered any legal impediments to adoption." The juvenile court specifically averred that it had "read and considered the report" in which that history appears. And it "is presumed that official duty has been regularly performed." (Evid. Code, § 664; *In re L.B.* (2003) 110 Cal.App.4th 1420, 1425.) In light of the former averment and the latter presumption, the juvenile court's finding that Children were "specifically

4

adoptable" evinces an implicit determination that there was no legal impediment to adoption.

## DISPOSITION

We affirm.


SMILEY, J.


WE CONCUR:


HUMES, P. J.

BANKE, J.


A171311
*In re S.R.*